(No. 5845—

RONALD EDWARD COFFEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 21, 1977.*

CHARLES BOYLE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES O. STOLLA, Assistant Attorney General, for Respondent.

POLOS, C. J.

This is an action pursuant to the provisions of Ch. 37, Section 8(c) of the Court of Claims Act, Ill.Rev.Stat., Ch. 37, §439.8(c), which grants this Court jurisdiction over:

All claims against the State for time unjustly served in prisons of this State where the persons imprisoned shall receive a pardon from the Governor stating that such pardon is issued on the ground of innocence of the crime for which they were imprisoned.

From the stipulation of facts entered into between the parties, it appears that Claimant was arrested on March 3, 1968, and subsequently indicted for the murder of one Fredrick H. Haye. Claimant was held without bond in the Cook County Jail from March 3, 1968, to March 27, 1969, when he was released without having been tried for the crime.

On December 19, 1975, Claimant received a pardon on the ground of innocence from the Honorable Dan Walker, then Governor of Illinois.

Respondent contends that this claim must be denied on several grounds: that Claimant was never imprisoned in a "prison of this State," that a prerequisite to recovery for unjust imprisonment is that one be convicted of a crime, and that incarceration while awaiting trial is not "unjust imprisonment" within the meaning of the statute.

Claimant in turn asserts that Section 8(c) of the Court of Claims Act is intended to compensate one incarcerated prior to a trial, and that the Cook County Jail is a "prison" of this State within the meaning of the statute.

Thus, the issue for consideration is whether a Claimant may recover for time served in a county jail awaiting trial where he is not subsequently convicted of an offense. Put another way, does Claimant's incarceration without bond prior to trial on a charge of murder constitute "time unjustly served in prisons of this State" where Claimant was never subsequently convicted of an offense and was released from the County Jail without trial?

We believe, and so hold, that jurisdiction lies under Section 8(c) of the Court of Claims Act only where a Claimant has first been convicted of an offense, and

then unjustly imprisoned in a prison of the State of Illinois. Our conclusion is based in part upon a consideration of Article V, Section 12 of the Constitution of the State of Illinois, which provides:

> The Governor may grant reprieves, commutations and pardons, *after conviction,* for all offenses on such terms as he thinks proper. The manner of applying therefore may be regulated by law (Emphasis added).

Thus, the Governor's power to pardon for an offense is expressly conditioned upon there having been a conviction for that offense, and the jurisdiction of this Court to entertain a claim for unjust imprisonment is expressly conditioned upon a Claimant first having received a pardon. It, therefore, appears self-evident that we cannot entertain a claim for unjust imprisonment unless there has first been a conviction, and then a pardon issued in accordance with the Article V, Section 12 of the Constitution, which conditions the Governor's power to pardon upon the existence of a conviction.

The Court also notes that there was in effect at the time of Claimant's incarceration a statute commonly known as the "Four-term Act," Ill.Rev.Stat., Ch. 38, 103-5, which provides that one in custody must be tried within 120 days of his incarceration "unless delay is occasioned by the defendant."

Claimant testified during the course of the hearing herein that his case was continued by him at least twice. It, therefore, appears that Claimant's own actions, in continuing his trial on two occasions, caused his incarceration for a period in excess of 120 days.

Were this Court to permit a recovery in this case, it would open the door to thousands of claims by individuals who were incarcerated in local jails prior to trial and then released either without trial or after trial. Such a result would place an intolerable obligation upon the taxpayers of this State, and we are certain, in view of

353

the provisions of Article V, Section 12 of the Constitution of 1970, and Section 8(c) of the Court of Claims Act, that such a result was never intended by the legislature.

For the foregoing reasons, this claim must be, and hereby is, denied.